FILED

JUL 15 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
                    DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Jamie Osuna BD0868
CSP-COR PO Box 8800
Corcoran, CA 93212,
                    Plaintiff,

v.

Beam, et al.,
                    Defendants.

No. **1:25-cv-00772-JLT-BAM (PC)**

**REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING (ECF No. 11)**

Plaintiff Jamie Osuna respectfully requests reconsideration under Local Rule 303(c), Federal Rule of Civil Procedure 72(a), and 28 U.S.C. § 636(b)(1)(A) of the July 7, 2026, screening order. ECF No. 11.

This request seeks review of: (1) the ruling that the First Amended Complaint ("FAC") violates Rules 8, 18, and 20; (2) the statement that, if joinder is not cured, "the Court will choose which cognizable claims, if any, that Plaintiff may pursue"; (3) the twenty-page limit for the Second Amended Complaint ("SAC"); (4) the SAC deadline; and (5) clarification of the instruction against new, unrelated claims. Plaintiff requests that the FAC remain operative and proceed through screening; amendment is requested only in the alternative.

## I. STANDARD AND SCOPE

Under Local Rule 303(f), Rule 72(a), and § 636(b)(1)(A), the District Judge reviews the challenged portions under the "clearly erroneous or contrary to law" standard. Review now will resolve the threshold joinder issue before Plaintiff is required to supersede the FAC under Local Rule 220.

## II. ARGUMENT

**A. The FAC alleges one connected Rule 20 series, not unrelated "buckshot" claims.**

Rule 20(a)(2) permits joinder when the asserted right to relief arises from the same transaction, occurrence, or series of transactions or occurrences and a common question of law or fact will arise. The inquiry concerns similarity in the factual background, and Rule 20 is construed liberally to avoid multiple suits. *Coughlin v. Rogers*, 130 F.3d 1348, 1350–51 (9th Cir. 1997); *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

1

The FAC alleges one connected series: restricted 19CM-1882 materials; official-access and staff-held copies; staff transmission, display, and insider-framed commentary; circulation online and among inmates; resulting threats and mental-health harm; and later refusals to document, preserve, secure, refer, and mitigate the continuing risk. FAC ¶¶ 6–11, 37–152. Common questions include whether the materials were nonpublic and staff-derived, whether their circulation contributed to the reported threats and targeting of Plaintiff, and whether the resulting risk continued after officials received notice.

Defendants Garcia and Cavanaugh illustrate that connection. Both commented beneath the same former CDCR lieutenant's video about Plaintiff and 19CM-1882. Garcia claimed she had read Plaintiff's file and obtained the photographs. Cavanaugh, identified in the FAC as assigned to CSP-Sacramento at relevant times, invoked his prior custodial relationship with Plaintiff and made statements about Plaintiff's medical status and custodial history. The FAC alleges that inmates later repeated those insider-framed narratives when threatening Plaintiff. FAC ¶¶ 61–74. Rule 20 contains no same-prison requirement. Their different assignments do not negate the alleged connection: both statements appeared in the same thread, concerned the same case, invoked staff-derived knowledge, and allegedly contributed to the same custodial danger.

*Unique v. Claybaugh* joined claims spanning SVSP, CIM, CMF, CMC, and RJD because later retaliation arose from grievances over the SVSP misconduct, the failure-to-protect claims shared a similar factual universe, and separate actions would duplicate evidence. 712 F. Supp. 3d 1265, 1270–71 (N.D. Cal. 2024). Here, the later threats and official responses likewise require proof concerning the same restricted materials, alleged staff-linked disclosures and narratives, and reports of resulting danger.

The order's cited cases involved discrete matters. *George* concerned approximately fifty unrelated claims against twenty-four defendants. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *Owens* involved seven claims against fifteen defendants connected only by the plaintiff's confinement. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). *Coughlin* involved forty-nine immigration applicants with different filings, delays, legal standards, and facts. 130 F.3d at 1350–51. By contrast, *Mitchell v. Kallas* held that claims against prison medical officials and parole

2

agents belonged together where different acts and theories produced one continuing deprivation arising from connected transactions. 895 F.3d 492, 502–03 (7th Cir. 2018).

The FAC presently pleads two constitutional claims tied to identified materials, alleged dissemination, resulting threats, notice, and responses to the continuing risk. The cited "buckshot" cases therefore do not resolve the Rule 20 question here. Because both claims arise from that connected series, Rule 18 presents no separate defect once Rule 20 is satisfied.

**B. Any actual misjoinder should be identified and addressed under Rule 21 on just terms.**

Rule 21 provides that misjoinder "is not a ground for dismissing an action" and authorizes a court, "on just terms," to drop a party or sever a claim. If misjoined claims or parties are dismissed rather than severed, the Court must consider resulting prejudice, including the possible loss of otherwise timely claims. *Holt v. County of Orange*, 91 F.4th 1013, 1026–27 (9th Cir. 2024); *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 975 (9th Cir. 2015).

The order states that if misjoinder remains, "the Court will choose which cognizable claims, if any, that Plaintiff may pursue." ECF No. 11 at 16. It does not identify which claim or defendant falls outside the pleaded series or address severance, limitations consequences, or other prejudice under Rule 21.

If the Court concludes that any claim or party is misjoined, Plaintiff requests identification of the specific misjoinder and consideration of severance, claim preservation, and prejudice before any claim is omitted from a superseding pleading. That procedure gives effect to Rule 21's "just terms" requirement.

**C. Rule 8 does not establish misjoinder, and the FAC alleges personal post-notice liability.**

The order labels the privacy and safety allegations conclusory but does not identify the particular allegation, defendant, or missing fact. The order's only concrete Rule 8 criticisms are the use of "multiple alternative actions" and the asserted failure to state clearly what happened, when, and by whom. ECF No. 11 at 10–14. Rule 8(d)(2)–(3) permits alternative statements, and alternative phrasing does not convert one factual series into unrelated transactions. The order's own detailed summary identifies the materials, the named defendants, and the conduct attributed to each. Id. at 2–10. The Rule 8 discussion therefore does not establish misjoinder or justify fragmenting

the pleaded series.

The order also treats Guillen and Campbell as possible supervisory defendants and Guillen, Campbell, and Gates as grievance reviewers. *Id.* at 11–12, 14. The FAC expressly disclaims liability based merely on supervisory status or grievance denial. FAC ¶ 10. Section 1983 requires an individualized causal connection between each defendant's conduct and the alleged deprivation. *Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir. 1978). The FAC alleges that connection through each post-notice defendant's notice of the continuing danger, role and authority in the relevant review process, refusal of identified protective measures, and resulting continuation of the risk. FAC ¶¶ 79–119, 137–152.

The order relies on *Ramirez* and *Mann* to conclude that Plaintiff cannot pursue claims against officials based on their participation in the grievance process. ECF No. 11 at 14. Those decisions foreclose a standalone constitutional entitlement to a grievance procedure or result. The FAC alleges no such entitlement. The grievances instead are pleaded as the means by which Defendants received actual notice of an ongoing disclosure and safety risk, after which they allegedly failed to take identified protective measures within their authority. *Ramirez* and *Mann* therefore do not resolve the theory pleaded. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). See *Colwell v. Bannister*, 763 F.3d 1060, 1070 (9th Cir. 2014) (holding a jury could find personal participation where the medical director denied a grievance despite knowing surgery had been recommended). Allegations of notice, authority, and culpable inaction may establish personal § 1983 liability and satisfy Rule 8. *Starr v. Baca*, 652 F.3d 1202, 1207–08, 1216–17 (9th Cir. 2011); see *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The order likewise relies on *Myron* and *Hernandez* to state that Plaintiff has no constitutional right to a particular classification. ECF No. 11 at 13. Those cases address a theory the FAC does not plead. DRB, classification, and safety-review proceedings are pleaded as the settings in which officials received threat information, while heightened C-file/SOMS access restrictions were requested as mitigation of the disclosure risk rather than as the constitutional entitlement sued upon. *Myron v. Terhune*, 476 F.3d 716, 718–19 (9th Cir. 2007); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987). CDCR rules and restrictions likewise show

4

confidentiality, notice, authority, and available safeguards; they are not pleaded as independent sources of § 1983 liability.

Relevant access logs, routing records, device records, source reports, and approval records are alleged to remain within CDCR's control. *Soo Park v. Thompson* permits information-and-belief pleading where the relevant facts are peculiarly within the defendant's possession or the factual context makes the inference plausible. 851 F.3d 910, 928 (9th Cir. 2017). *Harnage v. Lightner* reversed a § 1915A dismissal under Rules 8 and 20 where the complaint identified discrete defendants and conduct contributing to one continuing deprivation despite missing exact dates. 916 F.3d 138, 141–44 (2d Cir. 2019).

The order expressly recognizes that Plaintiff may be able to state cognizable informational-privacy and Eighth Amendment threat-to-safety claims. ECF No. 11 at 13–14. Because the order did not complete a claim-by-claim merits screening, Plaintiff requests that the FAC remain operative and that the Magistrate Judge complete screening under 28 U.S.C. § 1915A and the proper Rule 20 framework. Alternatively, if the District Judge elects to complete screening, Plaintiff requests service of any claims found cognizable and an opportunity to amend any curable deficiency before dismissal of the action.

**D. The page limit and deadline should be modified.**

The FAC was twenty-four pages, asserted two claims, and used defendant-specific sections for twelve named defendants. *Hearns v. San Bernardino Police Department* reversed a Rule 8 dismissal of a sixty-eight-page complaint that was organized, intelligible, and identified the claims and defendants, confirming that length alone does not establish a Rule 8 violation. 530 F.3d 1124, 1131–32 (9th Cir. 2008).

The order requires more individualized allegations, while Local Rule 220 requires the SAC to be complete in itself. If amendment is required, a twenty-five-page maximum, excluding exhibits, permits one complete pleading with defendant-specific allegations, and Plaintiff requests thirty days after resolution of this request to file the SAC.

**E. The instruction concerning new claims should be limited to unrelated claims.**

The order bars only "new, unrelated claims." ECF No. 11 at 16. A California privacy claim

based on the same alleged access, disclosures, circulation, and resulting harm would not be unrelated merely because it arises under state law. Rule 15(a)(2) permits amendment with the Court's leave and states that the Court should freely give leave when justice so requires; 28 U.S.C. § 1367(a) extends supplemental jurisdiction to related state-law claims forming part of the same case or controversy. Plaintiff requests clarification that the order does not independently foreclose such a claim where applicable claim-presentation and pleading requirements are satisfied.

### III. REQUESTED RELIEF

Plaintiff respectfully requests that the District Judge:

1. Stay the current SAC deadline pending resolution of this request;

2. Set aside or modify the ruling that the FAC violates Rules 8, 18, and 20;

3. Direct that the FAC remain the operative complaint and that the Magistrate Judge complete screening under 28 U.S.C. § 1915A and the proper Rule 20 framework;

4. Alternatively, if the District Judge elects to complete screening, direct service of any claims found cognizable and permit amendment of any curable deficiency before dismissal of the action;

5. Alternatively, if a SAC remains required, permit Plaintiff to file a twenty-five-page SAC, excluding exhibits, within thirty days after resolution of this request, repleading claims arising from the connected 19CM-1882 access, dissemination, threat, and mitigation series, with any actual misjoinder identified and addressed under Rule 21 on just terms; and

6. Clarify that the instruction against new, unrelated claims does not independently bar Plaintiff from seeking leave under Rule 15 to plead a related California privacy claim arising from the same alleged access and disclosures, subject to applicable claim-presentation and pleading requirements..

July 13, 2026

*[signature]*

p. p. Jamie Osuna